William POLITE, Alexander Price, Peter Buxton and Cipriam Lynch, Plaintiffs,

v.

The TOWN OF CLARKSTOWN, Town of Clarkstown Police Department, Officer Michael Doyle, Individually, and John Does and Jane Does, Police Officers whose names are Presently unknown and within the knowledge of Respondents, Individually and as Police Officers of The Town of Clarkstown, Defendants.

No. 98 Civ. 4284(CM).

United States District Court, S.D. New York.

Feb. 6, 2001.

Francis X. Young, White Plains, NY, for plaintiffs.

William K. Kerrigan, Nyack, NY, for defendants.

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McMAHON, District Judge.

Defendants John and Jane Doe Police Officers of the Town of Clarkstown Police Department move for summary judgment on Plaintiffs' civil rights claim under 42 U.S.C. § 1983.

In an order dated August 6, 1999, I granted defendant Doyle's motion to dismiss on the grounds of inadequate service and defendant Town of Clarkstown Police Department's motion for summary judgment. On November 6, 2000, I granted defendant Town of Clarkstown's motion for summary judgment, leaving a single claim—against John

and Jane Doe Police Officers—to be prosecuted. On November 21, I denied plaintiff's motion for sanctions and preclusion, and hesitantly extended the discovery deadline for the plaintiffs to file notices and to take depositions until today, February 6, 2001. I now grant a motion for summary judgment filed on behalf of the unnamed John and Jane Doe officers.

Defendants filed this motion on January 8, 2001, alleging that plaintiffs' claims against the individual officers are barred by the statute of limitations; that there is no basis for a claim against the individual officers; that there is no personal jurisdiction over the unserved individual police officers; and that plaintiff's failure to comply with the New York State General Municipal Law renders any potential state claims futile, moot and frivolous. In a manner consistent with plaintiff's failure to prosecute this case, no responsive papers were ever filed in response to defendants' motion.

Plaintiffs never moved to amend their Complaint to include named police officers of the Town of Clarkstown Police Department. Even if they were to do so, however, they are now barred by the statute of limitations. The statute of limitations applicable to actions commenced under Section 1983 is three years. *Owens v. Okure,* 488 U.S. 235, 249–51, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Plaintiffs would likely argue—though they have not done so—that the inclusion of a new party should "relate back" to the date of the original Complaint. Under Federal Rule of Civil Procedure 15(c), when an attempt is made to bring in a new party, the date of the amendment adding that party will "relate back" to the date of the original complaint only when:

> "(1) the claim arises out of the same conduct originally pleaded and (2) within (ordinarily) 120 days of the original filing date, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, *but for a mistake concerning the identity of the proper party, the action would have been brought against the part.*"

**612**

Fed.R.Civ.P. 15(c)(3) (emphasis added). Thus, in order to have the filing dates for an amended complaint to relate back to the date of the original Complaint, Polite et al would have to show that he failed to name a Clarkstown officer due to a "mistake concerning the identity of the proper party." Fed.R.Civ.P. 15(c)(3)(B).

█ A plaintiff is not considered to have made such a "mistake," however, if the plaintiff knew that he was required to name an individual as a defendant but did not do so because he did not know the individual's identity. *See Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir.1995) ("Rule 15(c) does not allow an amended complaint adding new defendants to relate back if the newly-added defendants were not named originally because the plaintiff did not know their identities."). Plaintiffs in this case never made any mistake concerning the identity of the officers. Rather, they were not named originally because, as in *Barrow*, the plaintiffs did not know their identities upon the initiation of the suit. As a result, any attempt to amend the Complaint at this late date would not relate back to the filing of the original Complaint.

The cause of action arose on June 22, 1997. The statute of limitations for § 1983 claims in this lawsuit expired on June 22, 2000. Today—February 6, 2001, despite having the names and addresses of all officers on the scene, as well as ample opportunity to amend the Complaint to name and to serve specific officers, plaintiffs have not done so. Any effort to amend the Complaint at this point would be barred by the statute of limitations.

Defendant's motion for summary judgment is granted, and the case is dismissed.

This constitutes the decision and order of the court.